# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 4, 2022

Lyle W. Cayce
Clerk

No. 21-20146

In the Matter of: TMT Procurement Corporation; F Elephant, Incorporated

*Debtors*,

Hsin Chi Su,

*Plaintiff—Appellant*,

*versus*

F Elephant, Incorporated,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-3342

---

Before Stewart, Haynes, and Graves, *Circuit Judges*.

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-20146

Appellant Hsin Chi Su ("Su") is the former president of Appellee F Elephant, Inc. ("F Elephant Corp."). F Elephant Corp. previously owned the *M.V. Fortune Elephant* ("F Elephant"), a large vessel capable of carrying both oil and ore, a technology Su allegedly patented. When the F Elephant failed to generate sufficient revenue, F Elephant Corp. filed for chapter 11 bankruptcy, and the vessel was sold. Su then sued F Elephant Corp. requesting declaratory relief and alleging claims for unjust enrichment and money had and received related to the sale of the F Elephant.

F Elephant Corp. filed a motion for judgment on the pleadings which the district court granted. It held that Su's claim for declaratory relief was an impermissible request for an advisory opinion. It also held that because the alleged patents were separate and distinct from the F Elephant vessel, Su had no claim for money had and received or unjust enrichment. The district court entered judgment for F Elephant Corp.

We agree with the district court and accordingly AFFIRM.

I.

The following facts are taken from Su's complaint, which for purposes of this appeal, are accepted as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Around March 2010, Su made a financial presentation to a group of banks to secure funds to build and purchase multiple ships. Su received loans from these entities and subsequently financed and directed the construction of several vessels. One vessel, the F Elephant, incorporated an under-deck piping structure created by Su. The piping structure was protected by patents in Japan, Korea, and China. F Elephant Corp., founded and headed by Su, then purchased the F Elephant. Su never transferred any patent rights stemming from the under-deck piping to F Elephant Corp. Instead he "simply allowed [F Elephant Corp.] to use his design and technology . . . free of any royalty or license fees."

2

No. 21-20146

On June 20, 2013, F Elephant Corp. filed for Chapter 11 bankruptcy and moved to release the vessel from the automatic bankruptcy stay so it could be sold. On May 13, 2014, the bankruptcy court entered a Sale Order stating that the F Elephant could be sold. Ultimately, the bankruptcy court approved the sale of the F Elephant "free and clear of all Alleged Su IP Claims." Su then filed the instant complaint "to determine the extent and priority of his ownership interest in the [F Elephant's] sale proceeds" to the extent the sale proceeds pertain to his patent rights. The district court granted judgment on the pleadings for F Elephant Corp. and Su appealed.

## II.

This court reviews a district court's grant of judgment on the pleadings under Rule 12(c) *de novo*. *See Brittan Commc'ns Int'l Corp. v. Sw. Bell Tel. Co.*, 313 F.3d 899, 904 (5th Cir. 2002); *Hughes v. The Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001). A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6). *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n. 8 (5th Cir. 2002)). "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Hughes*, 278 F.3d at 420 (internal quotations omitted). Although we must accept the factual allegations in the pleadings as true, *id.*, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## III.

On appeal, Su argues that the district court erred in determining his patents were exhausted, that he has not authorized the sale of his patents such that exhaustion could have occurred, that his claims were not moot, and that the district court erred in granting judgment for F Elephant Corp. on his

money had and received and unjust enrichment claims. F Elephant Corp. did not file an answering brief.

As to Su's arguments on patent exhaustion, there seems to be confusion as to the scope of the district court's order. Simply put, the district court did not discuss patent exhaustion in its order. Appellee F Elephant Corp. raised this argument in its motion for judgment on the pleadings, but the district court granted judgment on alternative grounds. Because we cannot affirm or reverse a determination that the district court never made, Su's patent exhaustion arguments are misplaced.

Next, Su claims that the sale of the F Elephant presented a "live controversy" regarding the extent of his ownership interest in the proceeds from the sale of the vessel and that he was not seeking an advisory opinion. However, the complaint requests "a declaratory judgment that [Su] has a valid claim against bankruptcy estate of each defendant" and that the valid claim "is entitled to administrative claim status under 11 U.S.C. § 503 in the amount of the value of the loss of his intellectual property rights." "[T]he federal courts established pursuant to Article III of the Constitution do not render advisory opinions," and parties must articulate "concrete legal issues, presented in actual cases, not abstractions" *Golden v. Zwickler*, 394 U.S. 103, 108 (1969) (quoting *United Public Workers of America (C.I.O.) v. Mitchell*, 330 U.S. 75, 89 (1947)). Here, Su sought a declaration that he could sue potential future patent infringers for potential future acts. Such a request is neither concrete nor actual. The district court was correct in determining that this request was advisory. Aptly put, if Su "wishes to later sue the participants in the bankruptcy, those claims need to be presented to the bankruptcy court."

Lastly, regarding the money had and received and unjust enrichment claims, Su seemingly conflates two issues: the sale of his alleged patents and the sale of the F Elephant. Su argues that F Elephant Corp. profited from the

sale of his patent rights, but no such sale occurred. The bankruptcy court specifically noted that the F Elephant was sold "free and clear" of all alleged patent claims and rights. Other evidence also indicates that the patents were not sold as part of the sale of the vessel: Neither the loan documents nor Su's guarantee of the loan mention patents. And Su has consistently affirmed that the patents were never the property of the F Elephant Corp. such that F Elephant Corp. could have sold them. Importantly, Su's patent *rights* are distinct from the patented *technology* in the ship. The sale of the ship did not encompass the sale of any patents. Because these two causes of action are wholly premised upon patent sales that did not occur, judgment on behalf of F Elephant Corp. was proper.

The judgment of the district court is AFFIRMED.